# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WOODARD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:25-cv-00314-SEP |
| ST. CHARLES COUNTY COURTS, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Michael Woodard's application to proceed in district court without prepaying fees and costs. Based on Plaintiff's financial information, that motion is granted. On its initial review, the Court dismisses the action for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2).

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015)

(quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant St. Charles County Courts, alleging that he was sentenced to 12 years' imprisonment in May 2011 without his attorney being present and without being under oath.  Doc. [1] at 3, 5.  Since then, he claims, he has been harassed by St. Charles County, including "[i]nvasion of privacy involving use of electronic devices."  Doc. [1] at 3.  In supplemental filings, Plaintiff states that this alleged harassment involves St. Charles County "poisoning my seat in my truck[,] removing wheel w[eights], or adding.  Blocking phone calls for employment.  Trying to sab[otage] my life for financial gain."  Doc. [11]; *see also* Doc. [8] (alleging the County is blocking Plaintiff's calls).  In another supplemental filing, Plaintiff seems to dispute that his landlords are the true owners of his residence and claims that the Court Clerk of St. Charles County is "part of this."  Doc. [4].  To that filing, Plaintiff attached a civil action his landlords filed against him requesting return of the residence due to "domestic violence, consistent police presence, property damage, tampering with utility services [and] harassment of neighbors."  *See* Doc. [4-1] at 2.  He also attached his criminal complaint for property damage in the first degree arising out of events on November 4, 2024.  Doc. [4-1] at 9-10.  Finally, he attaches an order of protection he filed against his wife on behalf of his children that was denied on October 10, 2024, including attachments containing allegations relating to his wife's mental health.  Doc. [4-1] at 21-38.

As injuries, Plaintiff claims to have lost time with his family and that "electronic devices with invasion of privacy ha[ve] affected [his] body, hearing and eyes and mental health."  Doc. [1] at 5.  For relief, he seeks $3 million and for his convictions to be overturned.  *Id.*

## DISCUSSION

Plaintiff's claims arising out of his criminal sentencing on May 2, 2011, appear to be time-barred.  *See State v. Woodard*, No. 1111-CR00200-01 (11th Jud. Cir. May 2, 2011) (St.

Charles County).[1]  Although 42 U.S.C. § 1983 contains no statute of limitations, the Supreme Court has held that "§ 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011).  Missouri has a five-year statute of limitations for personal injury actions.  MO. REV. STAT. § 516.120(4); *Sulik v. Taney Cty.*, Mo., 393 F.3d 765, 767 (8th Cir. 2005).  While the statute of limitations is ordinarily raised as an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915 when it is apparent that the statute of limitations has expired.  *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).  The statute of limitations for this § 1983 action expired on May 2, 2016, almost nine years before Plaintiff filed this lawsuit on March 12, 2025.  *See* Doc. [1].  The Court therefore dismisses Plaintiff's claims arising out of his criminal sentencing for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's allegations of harassment against St. Charles County Courts also fail to state a claim.  State courts enjoy Eleventh Amendment immunity from suit under 42 U.S.C. § 1983.  *See Mildfelt v. Circuit Court of Jackson Cnty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **GRANTED**.  Doc. [3].

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel and motion for an extension of time to pay the filing fee are **DENIED** as moot.  Docs. [2] and [14].

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of January, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] Per Missouri Case.net, Plaintiff entered a plea of guilty and was sentenced in St. Charles County Circuit Court on May 2, 2011.  *State v. Woodard*, No. 1111-CR00200-01 (11th Jud. Cir. May 2, 2011).  The public record reflects the signature of Plaintiff's attorney, Tracy Brown, on his plea agreement dated May 2, 2011.  Plaintiff's signature is also present on the written agreement, in which he asserts that he is represented by a lawyer, has no complaints about his attorney's services, and is signing his written plea agreement on the date of his sentencing in the presence of his attorney.  *Id.*